**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| VIANEY HEI and ELRY HEI,<br>Petitioners,<br><br>v.<br><br>NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, et al.,<br>Respondents. | No. 26-1493 |

## MOTION TO HOLD PROCEEDINGS IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully requests that proceedings in this matter be held in abeyance while the National Highway Traffic Safety Administration (NHTSA) considers petitioners' pending request for administrative reconsideration of the rule that petitioners challenge here. Abeyance would conserve judicial and party resources by avoiding duplicative proceedings and by deferring this Court's intervention until the challenged rule becomes final for purposes of judicial review. The

government has consulted with petitioners, who indicated that they would consent to this motion subject to various conditions.[1]

**1.** NHTSA is an operating administration of the Department of Transportation to which the Secretary of Transportation has delegated his authority to prescribe motor vehicle safety standards. *See* 49 U.S.C. § 30111. In 2025, NHTSA issued a final rule requiring (as relevant here) that cars manufactured on or after September 1, 2027, be equipped with a rear seat belt warning system that (1) indicates to the driver at the start of a trip whether or not rear seat belts are in use, and (2) alerts the driver if a rear seat belt is unbuckled during a trip. *See* 90

[1] Petitioners indicated that they would consent only if (a) the stay would be limited to at most sixty days, at which point; (b) the stay would automatically expire unless extended by the court; (c) the parties would be obligated to file periodic status reports every thirty days during the stay; (d) the government would be obligated to notify petitioners within three business days of any decision on the petition for reconsideration; (e) petitioners would be understood not to waive any arguments by consenting to this motion; (f) petitioners would not be understood to concede that resolution of the petition for reconsideration would moot this case; and (g) NHTSA would be required to preserve all materials considered, directly, or indirectly, in connection with the challenged rule during the period of the stay or abeyance. The government has no objection to these conditions, provided that condition (g) is not understood to expand the government's existing obligations to preserve records within its possession that are relevant to this litigation and to otherwise comply with the Federal Records Act.

Fed. Reg. 390, 391-92 (Jan. 3, 2025). In April 2026, NHTSA issued an interim final rule (IFR) that extends the compliance date for those requirements until September 1, 2028. *See* 91 Fed. Reg. 17144, 17158 (Apr. 6, 2026). The agency has invited comments on the IFR, which are due by May 21, 2026. *Id.* at 17145. Following the comment period, NHTSA anticipates issuing "a final rule responding to any comments received and making any appropriate changes to the [IFR]." *Id.* at 17144.

**2.** In April 2026, petitioners asked NHTSA to reconsider its decision to delay compliance with the rear seat belt warning rule. Petition for Reconsideration by Vianey & Elry Hei, NHTSA-2026-0727-0009 (Apr. 18, 2026), https://perma.cc/GZ7H-79H8; *see also* Pet. 4. That petition to reconsider the 2026 IFR is pending before the agency. NHTSA regulations provide that a timely petition for reconsideration "postpones the expiration of the statutory period in which to seek judicial review of that rule," but "only as to the petitioner, and not as to other interested persons." 49 C.F.R. § 553.39.

At the same time they asked NHTSA for reconsideration, Petitioners also filed a petition for review in this Court challenging the 2026 IFR

"insofar as it . . . extends the rear-seat seat-belt-warning-system compliance timeline." Pet. 4; *see also* 49 U.S.C. § 30161(a) (providing that "a person adversely affected by an order prescribing a motor vehicle safety standard . . . may apply for review by filing a petition for review in the court of appeals"). The petition states that it is intended to "preserve[] Petitioners' judicial review rights while the agency considers reconsideration." Pet. 4.

On April 23, 2026, this Court entered an informal briefing order. *See* Doc. 4. Pursuant to that order, petitioners' informal opening brief is due May 18, 2026, and any informal response brief would be due within 14 days of service. *Id.* at 1. The agency record is due June 2, 2026. *Id.*

**3.** In light of petitioners' pending request for administrative reconsideration, the petition for review in this Court is premature because the challenged IFR is nonfinal as to petitioners. Motor vehicle safety standards are reviewed under the Administrative Procedure Act (APA), *see, e.g.*, *Motor Vehicles Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 41 (1983),[2] which "embraces a

[2] The statutory language relied upon in *Motor Vehicle Manufacturers*—which referenced the APA expressly, *see* 463 U.S. at 41

*Continued on next page.*

tolling rule that the timely filing of a motion to reconsider renders the underlying agency order nonfinal for purposes of judicial review," *Cochran v. Holder*, 564 F.3d 318, 322-23 (4th Cir. 2009) (quotation modified). "[I]t is implicit in the tolling rule that a party who has sought [agency] rehearing cannot seek judicial review until the rehearing has concluded." *Stone v. Immigration and Naturalization Serv.*, 514 U.S. 386, 392 (1995), *abrogated on other grounds*, 606 U.S. 259, 276 (2025).[3] Were the petition for review to proceed at this time on the existing record, the parties would be required to brief a jurisdictional objection that could be rendered moot upon disposition of the petition for

---

(quoting 15 U.S.C. § 1392(b) (1982))—was removed when Congress moved the National Traffic and Motor Vehicle Safety Act from Title 15 to Title 49 of the U.S. Code. The revision notes to that recodification make clear that the omission was not intended to change the relevant standard of review. Rather, the original reference to the APA was "omitted as surplus because [the relevant APA provisions] apply unless otherwise stated." 49 U.S.C. § 30111 note.

[3] Section 704 of the APA does not require otherwise in providing that "agency action otherwise final is final for the purposes of [judicial review] whether or not there has been presented or determined an application . . . for any form of reconsideration." *See* 5 U.S.C. § 704. "That language has long been construed by [the Supreme Court] . . . merely to relieve parties from the *requirement* of petitioning for rehearing before seeking judicial review . . . , but not to prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration nonfinal." *Interstate Comm. Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 284-85 (1987).

reconsideration before the agency. Requiring such briefing is an unnecessary waste of party resources.

Even aside from the jurisdictional issue, requiring the agency to produce an administrative record and the parties to brief the merits at this juncture would be highly inefficient. "[W]hen [a] party elects to seek a rehearing there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary. Practical considerations, therefore, dictate that when a petition for [agency] rehearing is filed, review may properly be deferred until this has been acted upon." *United Trans. Union v. Interstate Comm. Comm'n*, 871 F.2d 1114, 1117 (D.C. Cir. 1989) (quotation modified). Put another way, abeyance is appropriate to avoid "the possibility that a court of appeals will expend extensive judicial time on a case only to have agency reconsideration nullify its efforts." *Id.* (quotation marks omitted).

For these reasons, the government respectfully requests that this case be held in abeyance until NHTSA issues a final decision regarding petitioners' request for reconsideration of the 2026 IFR.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

STEVEN A. MYERS

*/s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
*Attorneys, Appellate Staff*
*Civil Division, Room 7219*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3306*
*gabriel.i.schonfeld@usdoj.gov*

MAY 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,244 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Century Schoolbook, a proportionally spaced typeface.

*s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit via CM/ECF, and served the same on petitioners via electronic mail. Petitioners are not registered CM/ECF users, but have consented in writing to service of all court filings in this case by electronic mail.

*s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD